UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM CONSALO & SONS FARMS, INC. :<br>   :<br>                Plaintiff  :<br>   :       Civil No. 07cv6678 (KMK)<br>      v.  :<br>   :       **COMPLAINT**<br>JUNIPER TREE, INC., a/t/a BEST PRODUCE  :<br>   :<br>      and  :<br>   :<br>YOUNG J. SUH  :<br>   :<br>                Defendants  : | |

William Consalo & Sons Farms, Inc. (hereinafter referred to as "Plaintiff"), for its Complaint against Defendants, alleges:

## JURISDICTION AND VENUE

1. Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c)(5), (hereafter "the PACA") and 28 U.S.C. §1331.

2. Venue in this District is based on 28 U.S.C. §1391 in that (a) Plaintiff's claims arose in this District and (b) Defendants' principal place of business is in this District.

## PARTIES

3. Plaintiff is a corporation engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce. At all times pertinent herein, Plaintiff was licensed as a dealer under the provisions of PACA.

4. a. Defendant, Juniper Tree, Inc., a/t/a Best Produce (hereinafter referred to as "Juniper"), is a corporation with a principal place of business in Bronx, New York, and

was at all times pertinent herein, a purchaser of wholesale quantities of produce subject to and licensed under the provisions of the PACA.

      b.    At all times relevant hereto, Young J. Suh was and is a dealer and commission merchant under PACA and, upon information and belief, is the officer and director of Juniper who controlled the day-to-day operations of Juniper and, as such, was and is in a position of control over the PACA trust assets belonging to Plaintiff.

## GENERAL ALLEGATIONS

5.    This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. §499e(c).

6.    Plaintiff sold and delivered to Defendants, in interstate commerce, $71,720.18 worth of wholesale quantities of produce.

7.    Defendants have failed and refused to pay for the produce when payment was due, despite repeated demands, and presently owes Plaintiff $71,720.18.

8.    At the time of receipt of the produce, Plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants since the creation of the trust.

9.    Plaintiff preserved its interest in the PACA trust in the amount of $71,720.18 by sending invoices to Defendants containing the language required by 7 U.S.C. §499e(c)(4) and remains a beneficiary until full payment is made for the produce.

10.    Defendants' failure and refusal to pay show that Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiff and are dissipating trust assets.

## Count 1

### (Failure to Pay Trust Funds)

11. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 10 above as if fully set forth herein.

12. The failure of Defendants to make payment to Plaintiff of trust funds in the amount of $71,720.18 from the statutory trust is a violation of the PACA and PACA regulations, and is unlawful.

## Count 2

### (Failure to Pay For Goods Sold)

13. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 12 above as if fully set forth herein.

14. Defendants failed and refused to pay Plaintiff $71,720.18 owed to Plaintiff for produce received by Defendants from Plaintiff.

## Count 3

### (Unlawful Dissipation of Trust Assets by a Corporate Official – Young J. Suh)

15. Plaintiff incorporates each and every allegation set forth in paragraph 1 to 14 above as if fully set forth herein.

16. Defendant, Young J. Suh, operated Juniper during the period of time in question and was in a position of control over the PACA trust assets belonging to Plaintiff.

17. Defendant, Young J. Suh, failed to direct the corporation to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the produce supplied.

18.     Defendant, Young J. Suh's failure to direct the corporation to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

19.     As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its right as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

## Count 4

(Interest and Attorney's Fees)

20.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 19 above as if fully set forth herein.

21.     PACA entitles Plaintiff to recover interest and attorney's fees in the event Defendants violated his obligation under PACA by failing to pay promptly for the produce supplied by Plaintiff.

22.     Defendants' continued failure to make full payment promptly of $71,720.18 to Plaintiff entitles Plaintiff to attorney's fees, interest and costs incurred in enforcing the terms of the PACA trust and invoices.

WHEREFORE, Plaintiff requests the following relief:

1)     An order enforcing payment from the trust by requiring immediate payment of $71,720.18 to Plaintiff;

2)     Judgment against all Defendants, jointly and severally, in the amount of $71,720.18 under the trust provisions of the PACA;

3)     Judgment against all Defendants, jointly and severally, for prejudgment interest, costs and attorneys fees; and

4) For such other relief as the court deems just and proper.

Dated this 24th day of July, 2007

                Respectfully submitted

                LAW OFFICES OF BRUCE LEVINSON

                By: /s/ Gregory Brown
                    Gregory Brown (GB1977)
                    747 Third Avenue, 4th Floor
                    New York, New York 10017-2803
                    (212) 750-9898

                    and

                Sarah Fry (SF7556)
                McCARRON & DIESS
                4900 Massachusetts Ave., N.W. Suite 310
                Washington, D.C. 20016
                (202) 364-0400

                Attorneys for Plaintiff